UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KONSTANTIN KRYLOV,<br><br>Plaintiff,<br><br>vs.<br><br>LANDRUM PROFESSIONAL EMPLOYER SERVICES, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-CV-153 |

**ORDER**

Plaintiff has filed a Motion to Amend Complaint [Doc. 10]. Therein, Plaintiff requests leave to amend his Complaint [Doc. 1] to name "Landrum Workforce Solutions, Inc. III" as the defendant in this matter and asks that the amendment relate back to the original date of filing. *Id.* at 1. In support, Plaintiff asserts that there is no change to the original claim, that the defendant he now seeks to name was actually timely served with the Complaint, and that the proper defendant knew that the action would have been brought against it but for Plaintiff's mistake in identifying Defendant's proper name. Moreover, it appears that both the originally named defendant and the one that Plaintiff now seeks to substitute operate at the same location. Landrum Workforce Solutions, Inc. III filed a Response [Doc. 11] to Plaintiff's motion, in which it acknowledged that it was the proper party and advised that there was no objection to Plaintiff's proposed amendment.

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the

merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). At the same time, amendment is not appropriate in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the opposing party, or the amendment is futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). An amendment that changes the naming of a party against whom a claim is asserted relates back to the date of the original pleading so long as the amendment asserts a claim that arose out of the same conduct or occurrence set out in the original complaint and the re-named party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [it], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c); *see also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 3-8-19 (6th Cir. 2010) (explaining that Rule 15(c)(1)(C) authorizes the relation back of amendments that change a party's name to correct a misnomer or misdescription).

Here, Plaintiff is not amending the allegations underlying his claim, meaning that the asserted claim arose out of the same conduct or occurrence set out in the original complaint. Moreover, the service waiver executed on August 26, 2026, was signed by the defendant Plaintiff seeks to substitute, more specifically as follows: "Landrum Workforce Solutions, Inc. III (incorrectly sued as Landrum Professional Employer Services, Inc.)" [Doc. 9]. This "signature"

clearly indicates that the defendant Plaintiff now seeks to substitute received actual notice of this action and knew the action would have been brought against it but for a mistake concerning the proper defendant's identity. The Court further finds that the defendant to be substituted will not be prejudiced in defending this action on the merits.

In short, Plaintiff has stated good grounds to permit his complaint to be amended to substitute Landrum Workforce Solutions, Inc. III as the defendant in this matter. The Court is satisfied that the purpose of the amendment is to correct a misnomer, and that the defendant to be substituted has been sufficiently notified of the action, will not be prejudiced by the amendment, and knew or should have known that the action was being brought against it despite the mistake concerning its proper name. As such, it is appropriate for the amendment to relate back to the original date of the filing of Plaintiff's Complaint, i.e., July 16, 2026.

For the reasons stated above, Plaintiff's Motion [Doc. 10] is **GRANTED**. Plaintiff is **DIRECTED** to file an amended complaint which comports with the rulings contained in this Order on or before **October 9, 2026**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge