UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KONSTANTIN KRYLOV,<br><br>Plaintiff,<br><br>v.<br><br>LANDRUM WORKFORCE SOLUTIONS, INC. III,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-CV-00153-DCLC-CRW |

**ORDER**

Generally, scheduling orders will be entered by the Court after the parties' Rule 26(f) report is filed unless a telephonic scheduling conference is requested by the parties or ordered by the Court. It is therefore **ORDERED**:

1. As soon as practicable, but in no event later than 30 days from the first appearance of a defendant, or if that has already occurred, within 30 days of this order, the parties must confer, in a conference arranged by plaintiff's counsel,[1] to consider the nature and basis of their claims and defenses; to discuss the possibility of a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all the matters addressed in sub-paragraphs (1) through (4) of Rule 26(f) and, in appropriate cases, to consider whether to consent that all proceedings may be conducted by a United States Magistrate Judge in

[1] This requirement may be waived for good cause upon request of the parties.

accordance with 28 U.S.C. § 636(c);[2]

2. Within 14 days of the conference required in paragraph 1 of this order, the parties must file a report of the parties' Rule 26(f) planning meeting which complies fully with the requirements of Rule 26(f) using, in general, the format set out in Form 52 found in the Appendix of Forms.[3] Should the parties disagree about an item, the position of the parties as to that item should be explained in separate paragraphs.

**The report shall contain: (1)** a synopsis of the case advising the Court of the general claims and defenses of the parties; **(2)** the parties' good faith certification as to when the case will be ready for trial (the parties should be aware that the case should be ready for trial not later than 18 months from the date of the filing of the report of their Rule 26(f) planning meeting; if the parties believe the case cannot be ready for trial within that time frame, the parties must state the circumstances fully in the parties' report); **(3)** the estimated length of trial; **(4)** the scheduling deadlines listed in the chart attached as **Exhibit A** to this Order (the parties shall note the dates, if any, for which the parties disagree); and **(5)** whether the parties do or do not consent to the exercise of jurisdiction by a magistrate judge.

At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer-based media. If so, the parties are directed to determine:

i. Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

---

[2] Filed previously or along with this Order is a Notice from the Office of the Clerk regarding the availability of a Magistrate Judge to exercise jurisdiction and setting out the procedures to be followed: All parties should review this document carefully.

[3] Form 52 was abrogated April 29, 2015, effective December 1, 2015. Prior versions of the form are still available. *See* Fed. R. Civ. P. app. B, form 52 (abrogated 2015).



Case 2:26-cv-00153-DCLC-CRW Document 16 Filed 10/16/26 Page 2 of 5 PageID #: 73

ii. The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

iii. The format and media agreed to the parties for the production of such data as well as agreed procedures for such production;

iv. Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

v. Whether there are other problems that the parties anticipate may arise in connection with electronic or computer-based discovery; and

vi. The name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made.

3. Upon receipt of the report required in paragraph 2, the Court may set a telephonic Rule 16(b) scheduling conference if necessary or if the parties request. It is the Court's intention that the proffered Rule 26(f) report will sufficiently address the discovery needs of the case and the time in which the parties reasonably believe they can be accomplished. Generally, cases should be ready for trial within 18 months of filing the 26(f) report unless the case is extraordinarily complex.

4. All attorneys appearing are advised that all attorneys practicing in the Eastern District of Tennessee must register as electronic filing users and file their pleadings through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

5. By appearing and practicing in this Court, each attorney or *pro se* party certifies to this Court that he or she has read and is prepared to fully comply with this Court's Local Rules and that he or she will read and comply with this Court's orders. Furthermore, an attorney who

makes an appearance certifies to the Court that he or she is prepared to represent his or her client in all proceedings, including trial.

6. ***Take Notice***: Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) may be dismissed without further order of the Court unless before such time the party on whose behalf such service is required show good cause why service has not been perfected. *See* Fed. R. Civ. P. 4(m).

**FAILURE TO COMPLY WITH ANY REQUIREMENT OF THIS ORDER MAY BE DEEMED A FAILURE BY PLAINTIFF TO PROSECUTE THE ACTION AND RESULT IN THE ACTION'S DISMISSAL. LIKEWISE, FAILURE BY DEFENDANT TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER OR TO MAKE A GOOD-FAITH EFFORT TO COOPERATE WITH PLAINTIFF IN MEETING THE REQUIREMENTS OF THIS ORDER MAY SUBJECT DEFENDANT TO APPROPRIATE SANCTIONS OR THE ENTRY OF DEFAULT JUDGMENT FOR PLAINTIFF.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

**EXHIBIT A**

| Important Scheduling Dates<br>(*timeframes suggested below are approximate and may vary based on case needs*) | |
|---|---|
| Trial Date<br>(*18 months from the filing of the 26(f) report*) | |
| Estimated Length of Trial | |
| Non-dispositive Motions Due<br>(*60 days before trial*) | |
| Dispositive Motions Due and<br>Daubert Challenge Deadline<br>(*120 days before trial*) | |
| Fact and Expert Discovery Cut-Off<br>(*165 days before trial*) | |
| Expert Disclosure Deadline | Plaintiff (*285 days before trial*):<br>Defendant (*255 days before trial*):<br>Rebuttal (*2 weeks after Def. Exp. Disc.*): |
| Initial Disclosures Deadline<br>(*14 days after Rule 26(f) conference*) | |