UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

FILED
NOV 17 2026
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

| | | |
|---|---|---|
| Konstantin Krylov<br><br>*Plaintiff*<br>v.<br>Landrum Workforce Solutions, Inc. III<br><br>*Defendant* | ) | Civil Action No. 2:26-cv-00153 |

# Notice of Non-Joinder and Motions

Comes now Plaintiff Konstantin "Kenny" Krylov, and states his objection to Defendant's Notice and unilateral Rule 26(f) report (20), which Defendant filed with the Court on November 13th of 2026.

## FACTS

Plaintiff arranged for Rule 26(f) conference and called Defendant's council on November 10th at the agreed time. Parties conferred and discussed a few matters as required by the Court order. Defendant's council cut the conference short. Majority of items required by FRCP Rule 26(f) and Form 52 were not discussed. (Exhibit A)

On Friday, November 13th at 3:22PM EST Defendant's council sent his only followup email to Plaintiff. In his email Defendant requested approval of unspecified proposed schedule and threatened to submit the report to the Court and let them know that Plaintiff was not responding (Exhibit B). Less than 3 hours later Defendant filed NOTICE OF FILING REPORT OF PARTIES' PLANNING MEETING with the court, claiming that Plaintiff was not responding. Defendant attached his unilateral Rule 26(f) report to it. The Notice (20) falsely states that "defense counsel submitted the proposed Rule 26(f) dates and deadlines to pro se Plaintiff for approval or comment". Email log (Exhibit B) shows that defense council never did so. In their Notice (20) Defendant admitted that "Plaintiff has not had a chance to review" Report of the Parties Planning Meeting, other than the few items discussed during the conference.

Plaintiff disagrees with the following items on Defendant's Report of planning meeting (20). Plaintiff objects to 1) requests for admission being limited to 30 per party, 2) limited ESI discovery, and 3) the discovery deadline. These matters were not discussed during the meeting because Defendant's council cut it short (Exhibit A). Plaintiff intends to intensively use requests for admission to isolate contested issues. Plaintiff intends to request substantial relevant ESI from Defendant. Plaintiff believes that a short discovery period such as 4 months would be sufficient because this is a simple matter that was already investigated by EEOC. EEOC charge file contains significant volume of discovery.

Defendant's council systematically acted in bad faith. Specifically,
1) Defendant's council cut Rule 26(f) conference short. (Exhibit A)
2) Defendant's council initially misled pro se Plaintiff when he falsely stated during the planning meeting that Plaintiff does not necessarily have to sign joint report (Exhibit A).
3) The Notice (20) wrongly states that Defendant submitted proposed schedule to Plaintiff.
4) Defendant's council manufactured Plaintiff's non-response to an imaginary proposed schedule.
5) Defendant's did not provide Plaintiff with proposed Rule 26(f) report. He just filed it with the Court and admitted that "Plaintiff has not had a chance to review" it (20).

**MOTIONS**

Plaintiff respectfully motions the court as follows.

1) Decline Defendant's unilateral report of Rule 26(f) meeting. The report violates the Court order to submit a joint report. Plaintiff only received a copy of the report when Defendant filed and served it.

2) Sanction Defendant's council at the Court's discretion. Defendant's council actively interfered with judicial process and attempted to take advantage of pro se Plaintiff. Defendant's council acted in bad faith and wasted the Court's resources.

3) Order another Rule 26(f) conference, since Defendant's council cut the first one short. Plaintiff is requesting an in-person conference to be held at the courthouse.

Respectfully submitted,

[signature]

Konstantin Krylov
855 Gibson Road
Greeneville, TN 37743

Phone: 423-329-5213

Email: KKrylov1@yahoo.com

*Plaintiff, pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17th of 2026, a true and correct copy of the foregoing Motion to Amend Complaint was served upon the Defendant by depositing a copy in the United States Mail, first-class postage prepaid, addressed to:

Brian Walthart

Lewis Brisbois Bisgaard & Smith LLP

1222 Demonbreun Street

Suite 1801

Nashville TN 37203

Dated: November 17th of 2026


Konstantin Krylov

855 Gibson Road

Greeneville TN 37743

(423) 329-5213

KKrylov1@yahoo.com